UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
MICHAEL DAVID P.,

                          Plaintiff,         <u>DECISION AND ORDER</u>
                                                              1:23-cv-00537-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

       In February of 2021, Plaintiff Michael David P.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Dennis Kenny Law, Josephine Gottesman, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

       This case was referred to the undersigned on August 16, 2023. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 15). For

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on February 5, 2021, alleging disability beginning October 20, 2020. (T at 229-232).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on February 15, 2022, before ALJ Dennis Katz. (T at 31-52). Plaintiff appeared with an attorney and testified. (T at 35-47). The ALJ also received testimony from Victor Alberigi, a vocational expert. (T at 47-51).

### B. ALJ's Decision

On March 3, 2022, the ALJ issued a decision denying the application for benefits. (T at 7-27). The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 20, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2025. (T at 13).

The ALJ concluded that Plaintiff's degenerative disc disease of the cervical spine, degenerative joint disease of the left shoulder with rotator

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

cuff syndrome, and aortic dissection (status post repair) were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 15).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with frequent reaching, handling, and fingering bilaterally. (T at 15).

The ALJ concluded that Plaintiff could perform his past relevant work as a banquet chef. (T at 21).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between October 20, 2020 (the alleged onset date) and March 3, 2022 (the date of the ALJ's decision). (T at 22).  On November 25, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on January 23, 2023. (Docket No. 1).  On May 17, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 13, 14).  The Commissioner submitted a memorandum of law in opposition on June 16, 2023. (Docket No. 16).  On June 20, 2023, Plaintiff submitted a reply memorandum of law. (Docket No. 17).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).  The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

> B. *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises three main arguments in support of his request for reversal of the ALJ's decision.  First, he challenges the ALJ's step two analysis of his mental impairment.  Second, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  Third, Plaintiff contends that the ALJ's step four analysis is not supported by substantial evidence.  This Court will address each argument in turn.

*A.   Step Two*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co workers and usual work

situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995).

Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a). The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying

information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indication more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

In the present case, the ALJ recognized Plaintiff's unspecified depressive disorder as a medically determinable impairment but found the impairment non-severe. (T at 14).  The ALJ assessed mild limitation with respect to Plaintiff's ability to understand, remember, or apply information; no limitation in interacting with others; mild impairment in concentrating, persisting, or maintaining pace; and no limitation in adapting or managing himself. (T at 14).

The Court finds the ALJ's step two analysis supported by substantial evidence.

Dr. Konstantinos Tsoubris performed a consultative psychiatric evaluation in April of 2021.  He diagnosed unspecified depressive disorder and opined that Plaintiff had mild limitation in understanding, remembering, and applying simple directions and instructions; moderate limitation with respect to understanding, remembering, and applying complex directions

and instructions; no limitation in using reason and judgment to make work-related decisions; moderate impairment with respect to social interaction; moderate limitation in sustaining an ordinary routine and regular attendance; and moderate impairment with respect to regulating emotions, controlling behaviors, and maintaining well-being. (T at 438).

Dr. Tsoubris recommended psychological therapy and characterized Plaintiff's prognosis as "[g]uarded, given the interaction of physical … and psychiatric symptoms." (T at 439).  However, Dr. Tsoubris opined that Plaintiff's psychiatric problems did "not appear to be significant enough to interfere with [his] ability to function on a daily basis." (T at 439).

The ALJ found Dr. Tsoubris's opinion partially persuasive, concluding that the mild impairments he assessed were consistent with the record, but determining that the record did not support any moderate limitations. (T at 14).  The ALJ's conclusion was supported by substantial evidence.

As noted above, Dr. Tsoubris found that Plaintiff's psychiatric problems did "not appear to be significant enough to interfere with [his] ability to function on a daily basis." (T at 439).  Plaintiff did not allege a mental impairment in his application for benefits and has no history of mental health treatment. (T at 14, 436).  Mental status examinations in the record were generally unremarkable. (T at 353, 355-56, 374, 385, 445, 484,

496, 497, 572). Plaintiff's treating chiropractor reported that Plaintiff did not have any psychological impairments affecting his physical condition. (T at 578). The State Agency review physicians opined that Plaintiff's mental impairments had no more than minimal impact on his ability to function. (T at 60, 79).

The foregoing is sufficient to sustain the ALJ's determination under the deferential standard of review applicable here.

B.   Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their

persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).  The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Ronald Lambert, Plaintiff's treating chiropractor, completed a medical source statement in December of 2021. He opined that Plaintiff could not sit, stand, or walk for more than 2 hours in an 8-hour workday; rarely lift/carry less than 10 pounds and never lift/carry more than that; rarely climb stairs; and never stoop, crouch, or climb ladders. (T at 580).

The ALJ found Dr. Lambert's opinion unpersuasive. (T at 20). The Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.

Dr. Lambert completed a "check off" form and did not provide much in the way of supporting citations to clinical findings or other objective evidence supporting his very extreme limitations. *See Colgan v. Kijakazi*, No. 20-3297, 2022 U.S. App. LEXIS 53, at *12 (2d Cir. Jan. 3, 2022)("[A] treating physician's medical opinion is not entitled to controlling weight where it is provided in a check-box form and is unaccompanied by meaningful medical evidence in the administrative record."); *Halloran v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004)(describing "standardized form" as "only marginally useful for purposes of creating a meaningful and reviewable factual record").

The ALJ's decision to discount Dr. Lambert's extreme assessment was also supported by other medical opinion evidence. Dr. Paul Mercurio completed a consultative examination in April of 2021. Dr. Mercurio found Plaintiff's gait normal, with full strength in his upper and lower extremities, with no evidence of muscle atrophy. (T at 427-29). He assessed no limitation in Plaintiff's ability to sit, stand, or walk; mild limitation in repetitive stair climbing; moderate impairment for repetitive bending or lifting; marked limitation in carrying; marked limitation in reaching with his left arm; and moderate limitation in handling objects bilaterally. (T at 431). The State Agency review consultants opined that Plaintiff could perform light work, with some reaching limitations. (T at 62-65, 81-85).

The ALJ also reasonably read the record as containing clinical findings, including normal range of motion, full strength, and lack of muscle atrophy, inconsistent with Dr. Lambert's very restrictive opinion. (T at 354-57, 444-45, 458-59, 496-97). *See generally Sanders v. Comm'r of Soc. Sec.*, No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

Lastly, "a chiropractor ... [is] not an acceptable medical source", even if he or she is a treating source. *Luis B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1452, 2022 WL 268820, at *7 (W.D.N.Y. Jan. 28, 2022). "Although 'under the new regulations, all medical sources, not just 'acceptable' medical sources, can provide evidence that will be considered medical opinions', the ALJ is not required to give controlling weight such an opinion, and he can properly discount it if his conclusion is supported by substantial evidence." *Patricia S. v. Kijakazi*, No. 3:20-CV-01609 (JCH), 2022 WL 819561, at *3 (D. Conn. Mar. 18, 2022)(quoting *Mark B. v. Comm'r of Soc. Sec.*, No. 20-CV-1587, 2022 WL 137718, at *5 (N.D.N.Y. Jan. 14, 2022)); *see also Davis v. Kijakazi*, No. 22-CV-6333 (JLC), 2023 WL 5087625, at *11 (S.D.N.Y. Aug. 9, 2023).

Plaintiff points to other aspects of the record and argues that the ALJ should have given greater weight to Dr. Lambert's assessment. However, in light of the evidence outlined above, the Court finds that the ALJ's decision must be sustained. *See Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.")(emphasis in original) (citation and internal quotation marks omitted); *see also McIntyre v. Colvin*, 758 F.3d

15

146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

    C.    *Step Four Analysis*

At step four of the sequential evaluation, a "claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003)(citing SSR 82-62"). The "inquiry requires separate evaluations of the previous job and the job as it is generally performed." *Id*. "The inquiry ... is not whether the claimant is able to perform the duties of her previous job, but whether the claimant is able to perform the duties associated with her previous 'type' of work." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)(quoting *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981)).

The ALJ found that Plaintiff could perform his past relevant work as a banquet chef. (T at 21). This finding was based on testimony from a vocational expert, who identified Plaintiff's past relevant work as a banquet chef, and opined that a claimant capable of light work, limited to no more than frequent reaching, handling, and fingering, could perform such work. (T at 48-50). The vocational expert stated that the position could involve

"some degree of cooking," but was generally supervisory in nature. (T at 49-50).

The Court finds the ALJ's step four determination, including, in particular, his reliance on the vocational expert's testimony, consistent with applicable law and supported by substantial evidence.  *See, e.g., Calabrese v. Astrue*, 358 F. App'x 274, 276 (2d Cir. 2009); *Rodriguez v. Comm'r of Soc. Sec.,* No. 18CV1742PGGKNF, 2020 WL 5260888, at *4 (S.D.N.Y. Apr. 9, 2020), *report and recommendation adopted sub nom. Rodriguez v. Comm'r of Soc. Sec. Admin*., No. 18CIV1742PGGKNF, 2020 WL 3412926 (S.D.N.Y. June 20, 2020).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED; the Commissioner is GRANTED Judgment on the Pleadings; and this case is DISMISSED. The Clerk is directed to enter final judgment and then close the file.

Dated: October 16, 2023                                    *s/ Gary R. Jones*
                                                                              GARY R. JONES
                                                                              United States Magistrate Judge